**FAAFETAI LEFITI, SOTOA SAVALI, FOFO SUNIA,
FAAMAUSILI T. POLA, and TAUALA F. FALESIGAGO,
for Themselves and on Behalf of the
VILLAGE COUNCIL AND PEOPLE OF TA'U VILLAGE,
Plaintiffs**

v.

**TAUANU'U LIAIGA, NUA TO'ATOLU,
LEASAU K. ESEROMA, and GAOA SALOFI, Defendants**

High Court of American Samoa
Trial Division

CA No. 63-93

June 14, 1993

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and MAILO, Associate Judge.

Counsel: For Plaintiffs, Gata E. Gurr
For Defendants, Charles V. Ala'ilima

68

Order Denying Preliminary Injunction:

Plaintiffs' application for a preliminary injunction came regularly on June 11, 1993 for hearing. The court, having heard testimony and considered the evidence, makes the following findings, conclusions, and order.

## FINDINGS OF FACT

This action has been brought by several high-ranking matais of Ta'u Village in the Manu'a Islands against several other matais of the same village to enjoin the second group from (1) further publicizing and preparing for, and from holding the dedication of the Malamalama o le Lalolagi Church in the village, scheduled to take place on June 24-25, 1993; and (2) continuing to spend public funds of the Village Council for purposes of the church dedication.

The first group of matais wishes to restrain the second group from these activities until the factions within the village have settled their differences and a consensus is established on the dedication dates and on further expenditure of Village Council funds for this purpose. This sentiment is noble. The key immediate element in these differences appears to be the second group's refusal to recognize the titles of three matais, awarded judicially under the laws of American Samoa, and their membership on the Village Council accepted during a faleula, or customary installation ceremony, at the Malaetele, or traditional meeting ground, in the village on May 19, 1993. The first group characterizes this refusal as disrespect for the judicial process in this court and the institutional norms of the village. Thus, this aspect of their differences takes on a decidedly secular character involving quarreling matais.

While such disregard of fundamentals erodes the very fibers of a peaceful and civilized society and is to be abhorred, the solution to this particular grievance is not now before the court. Fortunately, there are still indications by both factions to this issue of willingness to discuss and find that solution within the process of the traditional village political system. The court wants to believe and certainly hopes that a sufficient reservoir of good will and adaptability exists among the village residents to accommodate that end.

The issue immediately before the court concerns a religious event. Church government and secular politics involve different

considerations from the perspective of legal principles. While the interplay between the religious issue and the temporal issue is evident in this case, neither issue can, under law, be used as the platform for the redress of the other issue.

The church is part of the family of churches within the Congregational Christian Church of American Samoa. The power to govern a congregational church vests in the whole congregation, or in such other person(s) or entity(ies) as the majority of the congregation may select as the governing authority for general or particular purposes. The evidence in this case does not persuasively establish any authoritative delegation of governing power over the church dedication by the congregation either to the first group of matais, individually or collectively, or to any other grouping or persons or entities described as plaintiffs, or for that matter to the second group of matais, individually or collectively, named as defendants.

## CONCLUSIONS OF LAW

Sufficient grounds for the issuance of a preliminary injunction requires a showing of: (1) a substantial likelihood that the applicant will prevail at the trial on the merits and that a permanent injunction will be issued against the opposing party; and (2) great or irreparable injury resulting to the applicant before a full and final trial can be held on whether a permanent injunction should issue. A.S.C.A. § 43.1301(j).

Where the identity of the governing authority or authorities within a church is substantially at issue, as in this case, civil courts must refrain from delving into ecclesiastical laws and practices that may be paramount to resolving the controversy. *Tele'a v. Savea*, 8 A.S.R.2d 110, 118 n.3 (Trial Div. 1989). As enunciated in *Tele'a*, such authority in congregational churches is the congregation's exclusive province to define.

Under these circumstances, plaintiffs have not shown a substantial likelihood that any individual plaintiff or grouping of plaintiffs will prevail at trial on the merits and be entitled to a permanent injunction against any or all defendants. The members of the church congregation, not this court, must decide by majority rule, whether by vote or consensus, when the church dedication takes place and other matters related to it, or who will make those decisions.

Although the issue need not be analyzed now, the apparent involvement of the Village Council as a governmental entity and public funds in the church-dedication program may also be a matter of concern. This involvement may well raise questions about transgressions of the constitutional principle of separation of church and state, which is embodied in the Bill of Rights, Section 1 of Article I of the Revised Constitution of American Samoa of 1967. The religious decisions at issue are also not, legally, the domain of secular politics.

Since plaintiffs have not met their burden on the likely outcome issue of the two-pronged prerequisites for issuance of a preliminary injunction, the court also does not need to definitively weigh the interim harm to either plaintiffs or defendants. Suffice it to observe that defendants' harm is significantly more measurable in quantitative terms. Moreover, the resiliency of the Samoan way is certainly able to constructively deal with and vigorously outlast this situation.

## ORDER

Plaintiffs' application for a preliminary injunction is denied. It is so ordered.